**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUSSELL KANE, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br>  v.<br><br>CAPELLA UNIVERSITY, INC. and STRATEGIC EDUCATION, INC.,<br><br>   Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Russell Kane ("Plaintiff"), on behalf of himself and all others similarly situated, hereby files this class action complaint against Defendants Capella University, Inc. and Strategic Education, Inc. (together, "Defendants"), and states as follows:

## INTRODUCTION

1.  This civil rights class action for discrimination based on disability is brought under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), the New York State Human Rights Law ("NYHRL"), and the New York State Civil Rights Law ("NYCRL"). This lawsuit challenges Defendants' failure to provide reasonable disability accommodations required under law – specifically Defendants' failure to ensure alternatives to audio for videos at Capella University ("Capella"), such as closed captions.

2.  Plaintiff is deaf. He was enrolled in Capella's Doctor of Education in Adult Education program.

3.  In 2012, the U.S. Department of Health and Human Services reported that approximately 15% of American adults (37.5 million people) report trouble hearing. Many

1

individuals like Plaintiff who are deaf or hard of hearing require captioning to meaningfully comprehend the audio portion of video content, including online videos of live lectures and presentations (collectively, "videos"). Closed captioning displays the audio portion of a video as text on the screen, providing a critical link to the content of the videos for individuals who are deaf or hard-of-hearing. Closed captioning allows deaf and hard of hearing individuals to watch and understand videos by reading the captioned text. Without closed captioning, deaf and hard of hearing individuals are excluded from independently accessing videos.

4.      Closed captioning allows a viewer to understand and absorb the content of a video better than other alternatives to audio, such as transcripts, because captions allow a viewer to relate nonverbal communication by the speaker in the video with the substance of the audio in real time. With transcripts, viewers need to shift their vision or focus between the transcript and the video and can easily lose their place, miss key elements on screen, and get out-of-sync with the video. Captioning is also superior to transcripts if there are multiple speakers in the video. The advantages of captioning here are exacerbated by the fact that videos used by Capella are educational videos that place significant emphasis on interactivity and engagement.

5.      The technology to provide closed captioning is readily available to Capella. Including closed captioning would not fundamentally alter the nature of Capella's programs.

6.      Plaintiff has informed Capella numerous times that its videos do not include captions or other alternatives to audio and that Capella has failed to make reasonable accommodations approved by Capella for him as a student. To date, Defendants have failed to take any action to remedy the violations.

7.      Title III of the ADA and Section 504 protect disabled students from discrimination by educational institutions. Title III of the ADA prohibits the owner of a place of

public accommodation from discriminating against an individual "on the basis of disability." 42 U.S.C. § 12182(a). Discrimination includes failing to make "reasonable modifications in policies, practices, or procedures" to accommodate disabled individuals, unless the modifications would "fundamentally alter the nature" of the services. 42 U.S.C. § 12182(b)(2)(A)(ii). Section 504 prohibits a federally-funded program from discriminating against an "otherwise qualified individual with a disability" because of his disability. 29 U.S.C. § 794(a).

8.      Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

9.      By failing to make videos used in Capella classes accessible to deaf and hard of hearing persons, Defendants are violating basic requirements under both state and federal law.

10.     This complaint seeks declaratory and injunctive relief to remedy Defendants' unlawful policies and practices.  Defendants must ensure that Plaintiff and the proposed classes of individuals who are deaf and hard of hearing will be able to independently view videos as part of their classes at Capella. This complaint also seeks compensatory damages to compensate class members for having been subjected to unlawful discrimination.

## JURISDICTION

11.     This Court has subject matter jurisdiction over the ADA and Section 504 claims pursuant to 28 U.S.C. §§ 1331 and 1343.

12.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is a class action in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.

13.     This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

14.     This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

15.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because one or more of the parties are located within this District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District. Plaintiff enrolled at Capella and attempted to access Capella course content while in Nassau County. Defendants have been and are committing the acts alleged herein in this District and have been and are violating the rights of consumers in this District.

## PARTIES

16.      Plaintiff Russell Kane is a resident of Freeport, County of Nassau, State of New York. Plaintiff is a qualified person with a disability. He is deaf and requires alternatives to audio in order to access videos.

17.     Capella is a for-profit corporation headquartered in Minneapolis, Minnesota that offers online courses to students worldwide. Capella is owned by the publicly-traded defendant Strategic Education, Inc.

18.     Defendant Strategic Education, Inc. is a publicly traded corporation organized under the laws of Maryland with its corporate headquarters located in Herndon, Virginia.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all persons similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

20.    **Class Definitions.** The two classes that Plaintiffs seeks to represent are comprised of the following:

a.    *Damages Class*: The first class of persons seeks statutory damages under the NYHRL and NYCRL. It is defined as follows: all persons who are deaf or hard of hearing and, who during the three years prior to the filing of this Complaint through the conclusion of this action, were or are enrolled at Capella while a resident in New York state and experienced access barriers with video content used in Capella classes.

b.    *Injunctive Relief Class*: The second class of persons seeks declaratory and injunctive relief. It is defined as follows: all persons who are deaf or hard of hearing and, who during the three years prior to the filing of this Complaint through the conclusion of this action, were or are presently enrolled at Capella and experienced access barriers with video content used in Capella classes.

21.    Excluded from the above-referenced class definitions are the officers, directors, and employees of Defendants, and any of Defendants' shareholders or other persons who hold a financial interest in Defendants. Also excluded is any judge assigned to hear this case, as well as the staff of any assigned judge, or any juror selected to hear this case.

22.    This action is brought as a class action and may properly be so maintained pursuant to Federal Rule of Civil Procedure 23 and applicable case law. In addition to declaratory and injunctive relief, this action seeks classwide damages pursuant to the NYHRL and NYCRL in the amount of $500 per class member for each instance of discrimination based on Defendants' wrongful policy and practice of failing to provide full and equal access to its educational programs as alleged herein. This action does not seek recovery for actual damages,

personal injuries or emotional distress that may have been caused by Defendants' conduct alleged herein.

23.    **Impracticability of Joinder (Numerosity).** The members of the proposed classes are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit both to the parties and to this Court. On information and belief, the number of persons in this case exceeds 1,000 persons. The number of persons in the class and their identities and addresses may be ascertained from Defendants' records.

24.    **Questions of Fact and Law Common to the Class.** All members of the classes have been and continue to be denied their civil rights to full and equal access to, and use and enjoyment of, the services operated by the Defendants because of the violations of disability nondiscrimination laws alleged herein. There are numerous questions of law and fact common to the class, including, but not limited to, the following:

a.    Whether Defendants are the owners, operators or lessors of a public accommodation within the meaning of Title III of the ADA and Section 504;

b.    Whether Capella is a "place or provider of public accommodation" under New York laws;

c.    Whether Defendants' policy and practice of failing and refusing to provide deaf and hard of hearing students with alternatives to audio, such as captioning, violates the ADA and Section 504;

d.    Whether Defendants have made reasonable modifications in their policies and practices to ensure that deaf and hard of hearing students have full and equal access to Defendants' educational programs;

e.     Whether Defendants are violating the NYHRL by failing to provide full and equal access to people with mobility disabilities;

f.     Whether Defendants are violating the NYCRL by failing to provide full and equal access to people with mobility disabilities;

g.     Whether Defendants, by their actions and omissions alleged herein, have engaged in a pattern and practice of discriminating against Plaintiff and other deaf and hard of hearing individuals in violation of applicable state and federal disability civil rights laws;

h.     Whether Plaintiff and the members of the putative class are entitled to damages, and the nature of such damages; and,

i.     Whether Plaintiff and the members of the putative class are entitled to declaratory and/or injunctive relief, and the nature of such relief.

25.    **Typicality.** The claims of the named Plaintiff are typical of those of the class. Plaintiff's claims are typical of the claims of the proposed classes in the following ways: (a) Plaintiff is a member of the proposed class; (b) Plaintiff's claims arise from the same barriers, uniform corporate policies, procedures, practices and course of conduct on the part of Defendants; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the proposed classes and involve similar factual circumstances; (d) the injuries suffered by the named Plaintiff are similar to the injuries suffered by the proposed class members; and (e) the relief sought herein will benefit the named Plaintiff and all class members alike. The claims of Plaintiff are typical of those of the proposed class of persons who are deaf and hard of hearing and require alternatives to audio for videos.

26.     **Adequacy.** The named Plaintiff will fairly and adequately represent the interests of their respective classes. He has no interests adverse to the interests of other members of the proposed classes and has retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

27.     **Predominance.** With respect to Plaintiff's claims under the ADA, Section 504, the NYHRL, and the NYCRL, class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members of the proposed classes.

28.     **Superiority.** A class action is superior to other methods for the fair and efficient adjudication of this controversy because, inter alia: (a) individual claims by the class members would be impracticable because the costs of pursuit of such claims would far exceed what any individual class member has at stake; (b) relatively little individual litigation has been commenced over the controversies alleged in this Complaint and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; (d) the proposed class is manageable, and no difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action; (e) the proposed class members are readily identifiable from Defendants' own records; and (f) prosecution of separation actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

29.     **The Class Meets the Requirements of Federal Rule of Civil Procedure**

**23(b)(2).** Defendants have acted and refused to act on grounds generally applicable to the class,

making the declaratory and injunctive relief sought on behalf of the class as a whole appropriate.

30.     Without a class action, Defendants will likely retain the benefit of their

wrongdoing and will continue in their illegal course of conduct which will result in further

damages and injuries to the Plaintiff and the proposed classes.

## FACTUAL ALLEGATIONS

31.     Capella has discriminated against Plaintiff and similarly situated deaf and hard of

hearing students by violating the ADA's equal-access requirements by, *inter alia*, failing to make

reasonable modifications in policy and practice. As a result of these barriers, Plaintiff was denied

meaningful and equal access to his classes at Capella. Capella failed to make reasonable

accommodations for Plaintiff, even though doing so was feasible and readily achievable given

Capella's resources, and Capella cannot demonstrate that making the requested accommodations

would fundamentally alter the nature of the services, programs, or activities offered at Capella.

32.     Capella has knowingly and intentionally denied persons who are deaf or hard of

hearing the full and equal enjoyment of its businesses, services, privileges, advantages, and

accommodations. Capella has engaged in this discriminatory conduct despite the fact that its

programs and services could easily be brought into compliance with the ADA, Section 504, and

New York law, and despite the fact that Capella is and has been fully aware that its conduct and

practices have and continue to cause harm to deaf and hard of hearing students, including

segregation and exclusion. The foregoing violations of the ADA, Section 504, and New York

law are illustrated by the experiences of Plaintiff, which are set forth in the paragraphs below.

33.     Plaintiff has encountered numerous barriers that interfered with, if not outright denied, his ability to access classes at Capella, which ultimately forced him to drop out of a graduate program at Capella.

34.     In September of 2017, Plaintiff inquired about the Doctor of Education ("EdD") in Adult Education degree and received a response from Jules Nyquist, a Capella admissions counselor. Capella assigned Plaintiff to Senior Enrollment Counselor Aimee Jaroscak, who informed Plaintiff that an orientation course, EDD 8000 would start on October 9, 2017.

35.     On September 19, 2017, Plaintiff alerted Ms. Jaroscak about his need for captioning, as there were no captions in the orientation videos and several videos did not have transcripts. He expressed his concerns about being able to access his classes, reiterating that he is deaf and depends on captions and transcripts. Plaintiff also requested a referral to Capella's Disability Services Department ("Disability Services").

36.     Capella issued Plaintiff a formal letter of accommodation, acknowledging that as of September 20, 2017, he was eligible for the following academic accommodations in online courses: "Alternative to Audio: While standard audio course content should already be accompanied by a text alternative, some faculty initiated audio content may require a request to be made for transcripts, real time captioning, or other appropriate alternatives. Please work with your instructor at the beginning of each class to determine what the need for accommodations may be."

37.     In a September 20, 2017 email exchange with Plaintiff, Ms. Jaroscak claimed orientation videos were captioned. However, every time Plaintiff tried to watch the videos, he did not see any captions.

38.     Sean Dillon from Disability Services emailed Plaintiff later on September 20, 2017, admitting: "We are aware of a number of video media pieces throughout the University that do have transcripts but not captions. A remediation process is underway to correct this shortcoming, with highest priority going to media pieces that are used by many students, and those with dynamic content for which transcripts are insufficient."

39.     Rather than confirm the accessibility of its video catalogue on its own, Disability Services asked Plaintiff to alert it of which videos he encountered that were inaccessible and which videos did not have a transcript. Frustrated by Capella's failure to prioritize that its orientation videos were accessible and fearful of how inaccessible his future classes would be, Plaintiff withdrew from Capella on September 22, 2017.

40.     In May 2019, hopeful that Capella had addressed the accessibility issues he experienced in 2017, Plaintiff decided to enroll at Capella again. Plaintiff was accepted on May 28, 2019, after receiving scores at or above 95% on all sections of the entrance exam.

41.     Unfortunately, Plaintiff again experienced problems with Capella's orientation videos, as they were still not captioned. Plaintiff was also unable to access the online platform for one of his classes, which was stressful because he had an assignment due in this class.

42.     On May 30, 2019, Plaintiff emailed the Enrollment Counselor to whom he was assigned, Joshua Erickson, to request video captioning, alert Mr. Erickson that he was unable to access the orientation, and express concern that Capella's inaccessibility issues would continue throughout his program. Plaintiff also emailed Disability Services on May 31, 2019 to request video captioning.

43.     Concerned about continued accessibility problems at Capella, on June 3, 2019, Plaintiff emailed Mr. Erickson, asking to withdraw and expressing his frustrations with the lack

of disability accommodations at Capella. After several emails with Mr. Erickson, Plaintiff agreed to postpone the start of his classes to October 2019 instead of withdrawing. Plaintiff's start date at Capella was moved to October 7, 2019.

44.    On July 26, 2019 Plaintiff emailed Capella representatives, including Disabled Services, Laura Scott (Disability Services Director), and Mr. Erickson, to confirm that captioning and transcripts would be in place when he started class in October. Matt Axelson from Disabled Services responded on July 30th, noting: "As discussed, the materials in your program are supposed to be captioned and/or transcribed, so please let us know if you encounter anything that is required for your course and doesn't meet those requirements."

45.    When Plaintiff began orientation on September 6, 2019, he saw that there were still no captions or transcripts for the videos on that date. He experienced the same problem with orientation videos on September 7th.

46.    Frustrated that Capella had clearly not remedied the captioning issue, on September 8, 2019, Plaintiff again withdrew from Capella.

47.    In October 2019, Plaintiff saw that Capella was advertising a $10,000 "progress reward opportunity" for new students in the EdD program. Based on this scholarship opportunity, Plaintiff decided to give the program another try. He reached out to Mr. Erickson on October 19, 2019 to assist him with re-enrolling. Plaintiff submitted his application and Capella scheduled him for a November 2019 start date.

48.    On October 24, 2019, Plaintiff reminded Mr. Erickson about his request for accommodations for any videos. That same day, Plaintiff also emailed Mr. Axelson to make sure videos would be captioned or have transcripts. Mr. Axelson replied the same day by acknowledging that all videos should be captioned or have transcripts.

49.    On November 1, 2019, Plaintiff received a message from Professor Sandy Boyd welcoming him to her class "Foundations of Doctoral Studies in Education." In the early morning of Sunday, November 10, 2019, in the course online platform for Professor Boyd's class, Plaintiff saw notice of three live webinars. He immediately requested real-time captioning for the live webinars, the first of which was to begin at 5:00 p.m. Pacific Time on Monday, November 11th. The morning of November 11, 2019, Sheena Curry of Disability Services emailed Plaintiff saying that she could not guarantee captioning for the live webinar scheduled for later that day. This was stressful for Plaintiff, who was anxious to do well in this class but concerned that he would not be able to participate in the webinar that evening. Ultimately, the November 11th webinar was captioned, and Plaintiff received a PDF transcript for the webinar.

50.    On November 11, 2019, Ms. Curry confirmed Plaintiff's November 20, 2017 accommodation letter was still active and should be used with Plaintiff's instructors moving forward.

51.    The next day, November 12, 2019, Disability Services checked with Plaintiff to make sure the real-time captions worked the day before. On November 14th, Plaintiff responded that the captions worked but noted that he was unable to participate in the class discussion or respond to the professor using the webinar platform for the class.

52.    Plaintiff was upset by continued access issues—this time being precluded from participating on the class platform set up for students to interact in real time with the professor. Frustrated after this failed third attempt to attend Capella, Plaintiff sent Capella a withdrawal request on November 18, 2019, which Capella confirmed it received.

53.     On November 20, 2019, Plaintiff emailed Mr. Erickson that he wanted a full refund of the tuition amounts he paid because of all the obstacles he was experiencing with inaccessible live sessions and audio recordings.

54.     On November 20, 2019, Ms. Curry emailed Plaintiff to apologize for assuming "that there would be an Adobe Connect room where learners could utilize the chat function" during Plaintiff's November 11, 2019 webinar.

55.     Frustrated with Capella's repeated failure to comply with his approved accommodations and feeling behind on his classes because of all of the access issues he was experiencing, on November 20, 2019, Plaintiff informed Disability Services he was (yet again) withdrawing from Capella because of continued accessibility problems.

56.     Plaintiff alleges continuous and ongoing discrimination. Plaintiff has been injured by being deterred from re-enrolling at Capella and continuing his education there for all times occurring after the filing of this Complaint to the time of final judgment. If Capella would provide closed captioning and/or otherwise make its program accessible to Plaintiff, he would re-enroll and finish his degree program.

57.     The barriers described above are only those that Plaintiff personally encountered. He is presently unaware of other barriers which may in fact exist at Capella and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is his intention to have all barriers which exist at Capella and relate to his disabilities removed to afford him full and equal access.

58.     Plaintiff's numerous complaints to Capella's employees and representatives have been ignored. Plaintiff alleges it would be futile to provide further notices of violations relating to his continuous visits and deterrence and retaliation by Capella, which are certain to occur on a

regular basis following the filing of this Complaint. Therefore, Plaintiff reserves, and will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

59.     Capella knew, or should have known, that these policies, programs, and elements were inaccessible, violate state and federal law, and interfere with or deny access to students who are deaf and hard of hearing. Moreover, upon information and belief, Defendants have the financial resources to remove these barriers and implement policy changes without much difficulty or expense and make Capella accessible to students who are deaf or hard of hearing. To date, however, Defendants refuse to remove these barriers and make such changes.

60.     Defendants do not have administrative expertise or special competence related to discrimination and civil rights issues, including matters relating to disability access.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ADA, TITLE III
**[42 USC §§ 12181 *et seq.*]**
**(on behalf of Plaintiff and the Classes)**

61.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

62.     Title III of the ADA prohibits discrimination against people with disabilities "in the *full and equal* enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added).

63.     The term "disability" includes physical disabilities that substantially limit one or more major life activities. See 42 U.S.C. § 12102(1).

15

64.    Plaintiff and the proposed classes are qualified individuals with disabilities within the meaning of the ADA and the regulations promulgated thereunder. *See* 28 C.F.R. Part 36.

65.    In particular, each has a disability that substantially limits hearing, which qualifies as a major life activity. *See* 42 U.S.C. § 12102(2)(A); *see also* 28 C.F.R. § 36.105.

66.    Plaintiff has sought, would like to seek in the future, and has been deterred from enrollment at Capella due to its inaccessibility.

67.    Capella is a place of public accommodation within the meaning of Title III. See 42 U.S.C. § 12181(7)(J); 28 C.F.R. § 36.104.

68.    Defendants violate the above-cited Title III mandate in several distinct ways. First, Defendants' repeated and deliberate failure to provide captions or other sufficient alternatives to audio for videos used at Capella discriminatorily excludes students who are deaf or hard of hearing. Defendants' actions accordingly amount "to a denial of the opportunity . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations" it offers. *See* 42 U.S.C. § 12182(b)(1)(A)(i).

69.    Second, Defendants have discriminated against Plaintiff by failing to ensure that his access to Capella classes is equal to that afforded to students without disabilities. *See* 42 U.S.C. § 12182(b)(1)(A)(ii).

70.    Third, Defendants have discriminated against Plaintiff by failing to modify their policies, procedures, and practices in a reasonable manner, even though such modifications are clearly necessary to ensure equal access for individuals with disabilities. *See* 42 U.S.C. § 12182(b)(2)(A)(ii).

71.    As a direct and proximate cause of the aforementioned acts, Plaintiff has been and continues to be injured.

72.     Defendants' Title III violations have been ongoing and continuous. Unless enjoined, Defendants will continue to violate Title III and will thereby inflict injuries and irreparable harm upon Plaintiff. In particular, absent injunctive relief, Plaintiff will continue to be discriminated against and denied the accommodations, advantages, facilities or privileges of educational programs offered at Capella.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE REHABILITATION ACT OF 1973**
**[29 U.S.C. § 794]**
**(on behalf of Plaintiff and the Classes)**

73.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

74.     Section 504 of the Rehabilitation Act provides in pertinent part: "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." *See* 29 U.S.C. § 794.

75.     Plaintiff and the proposed classes are otherwise qualified individuals with disabilities within the meaning of the statute in that they have disabilities that substantially limit one or more major life activities, such as hearing. They are also qualified in that they have sought, or will seek, to enroll at Capella. *See* 29 U.S.C. § 705(20)(B) (referencing 42 U.S.C. § 12102); *see also* 28 C.F.R. § 39.103.

76.     Upon information and belief, Defendants are recipients of federal financial assistance sufficient to invoke the coverage of Section 504. Moreover, Defendants have received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

77.     Defendants and their agents and employees have violated, and continue to violate, Section 504 and the regulations promulgated thereunder by excluding Plaintiff from participation in, denying Plaintiff the benefits of, and subjecting Plaintiff to discrimination in access to the Capella's educational programs based solely by reason of his disability.

78.     Under Section 504 and the implementing regulations, Defendants are obligated to make Capella accessible as a whole to students who are deaf and hard of hearing. They have failed to do so. Their ongoing refusal to do so amounts to discriminatory exclusion of those students from Capella.

79.     As a direct and proximate cause of the aforementioned acts, Plaintiff has been and continues to be injured.

### THIRD CAUSE OF ACTION
### VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
### [N.Y. Exec. Law, Article 15 (Executive Law § 292 *et seq.*)]
### (on behalf of Plaintiff and the Classes)

80.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

81.     Defendants are places of public accommodation within the meaning of the as defined by N.Y. Exec. Law § 292(9).

82.     Defendants are subject to the New York Human Rights Law because they own and operate Capella. Each Defendant is a "person" within the meaning of N.Y. Exec. Law § 292(1).

83.     "Discriminatory practice" is defined in the NYHRL to include a refusal to make reasonable modification in policies, practices, or procedures, when such modifications are

necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. N.Y. Exec. Law § 296(2)(c)(i).

84.     In addition, under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

85.     By the conduct described above, including but not limited to failing to provide alternatives to audio for videos, Defendants have committed unlawful discriminatory practices against Plaintiff and have violated the NYHRL.

86.     Defendants' actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendants have: (a) constructed and maintained an institution of higher education that is inaccessible to deaf and hard of hearing class members with knowledge of the discrimination; and/or (b) constructed and maintained an institution of higher education that is sufficiently intuitive and/or obvious that is inaccessible to deaf and hard of hearing class members; and/or (c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf and hard of hearing class members.

87.     Defendants have not taken steps to remedy this discriminatory conduct. Defendants' conduct constitutes an ongoing and continuous violation of the NYHRL and, unless restrained from doing so, Defendants will continue to violate said law. This conduct, unless enjoined, will continue to inflict injuries and Plaintiff and the proposed classes will suffer

irreparable harm in that they will continue to be discriminated against and denied the accommodations, advantages, facilities or privileges of the programs and services provided by Defendants as well as reasonable accommodations which would provide them the opportunity to benefit from these programs and services.

<u>**FOURTH CAUSE OF ACTION**</u>
**VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW**
**[NY CLS Civ R, Article 4 (CLS Civ R § 40 *et seq.*)]**
**(on behalf of Plaintiff and the Damages Class)**

88.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

89.     Contemporaneously with the filing of this Complaint, Plaintiff has served notice thereof upon the attorney general, in compliance with N.Y. Civil Rights Law § 40(d).

90.     N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . . ."

91.     N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

20

92.     Capella is a public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).

93.     Defendants are subject to New York Civil Rights Law because they own and operate Capella. Each defendant is a "person" within the meaning of N.Y. Civil Law § 40-c(2).

94.     Defendants are violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to Capella's educational programs, causing videos to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the goods and services that Defendants makes available to the non-disabled public.

95.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . . ."

96.     Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside . . . ."

97.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

98.     As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff and members of the proposed classes on the basis of disability, who are being

directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

## **PRAYER FOR RELIEF**

1.      Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of New York. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of New York.

WHEREFORE, Plaintiff individually and on behalf of the proposed classes he represents, prays for judgment and the following specific relief against Defendants:

2.      Certify the proposed classes pursuant to Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure;

3.      Issue a declaratory judgment that Defendants' conduct has violated, and continues to violate, Section 504, 29 U.S.C. § 794, and accompanying regulations; the ADA, 42 U.S.C. § 12101 *et seq.*, and accompanying regulations; the NYHRL and accompanying regulations; and the NYCRL and accompanying regulations.

4.      Preliminarily and permanently enjoin Defendants from violating Section 504, 29 U.S.C. § 794, and accompanying regulations; the ADA, 42 U.S.C. § 12101 *et seq.*, and accompanying regulations; the NYHRL and accompanying regulations; and the NYCRL and accompanying regulations.

5.      Order Defendants to alter their systemic policies, procedures, and practices to ensure that Plaintiff and the members of the putative classes receive equal access to educational programs at Capella in compliance with all laws that protect such students;

6.      Order Defendants to develop and implement a remedial plan that includes new systemic policies, practices, and procedures to ensure that all students in the putative classes are provided captioning for videos;

7.      Retain jurisdiction over Defendants until the Court is satisfied that the Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible programs as complained of herein no longer occur, and cannot recur;

8.      Award to Plaintiff and the damages class all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court;

9.      Award to Plaintiff attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; and applicable New York law.

10.     Award pre- and post-judgment interest as permitted by law;

11.     Award interest on monetary awards as permitted by law; and

12.     Grant such other and further relief as this Court may deem just and proper.


Dated: November 13, 2020          By: /s/ Moshe Y. Singer
                                  Moshe Y. Singer, Esq.
                                  **SINGER LAW**
                                  2753 Coney Island Avenue, 2nd Floor
                                  Brooklyn, NY 11235
                                  Tel: (929) 333-9630
                                  Fax: (646) 783-0715
                                  *msinger@mysingerlaw.com*

**PEIFFER WOLF CARR KANE & CONWAY, A PROFESSIONAL LAW CORPORATION**
Catherine Cabalo, Esq. (*pro hac vice* application forthcoming)
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-3592
Fax: (415) 402-0058
*ccabalo@peifferwolf.com*

Attorneys for Plaintiff
RUSSELL KANE

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: November 13, 2020     By: /s/ Moshe Y. Singer
                             Moshe Y. Singer, Esq.
                             **SINGER LAW**
                             2753 Coney Island Avenue, 2nd Floor
                             Brooklyn, NY 11235
                             Tel: (929) 333-9630
                             Fax: (646) 783-0715
                             *msinger@mysingerlaw.com*